FILED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

JAN 3 1 2020

US DISTRICT COURT
NEW ALBANY DIVISION

BRANDON BELL,

        Plaintiff

v.

JERRY GOODIN, in his official capacity as Sheriff of Scott County, and ADVANCED CORRECTIONAL HEALTHCARE.

        Defendants

Case No.:

4:20-CV-028 TWP-DML

**Jury Demand Requested**

## PLAINTIFF'S COMPLAINT
(Demand for Jury Trial)

Plaintiff, Brandon Bell, (hereinafter "Plaintiff" and "Mr. Bell"), for his Complaint for damages against Defendants Sheriff Jerry Goodin in his official capacity (hereinafter "Defendant" and "Sheriff Goodin"), and Advanced Correctional Healthcare (hereinafter "ACH"), and states as follows:

### INTRODUCTION

1. The Plaintiff seeks money damages against Defendants for violation of rights as guaranteed under the United States Constitution and Indiana common law.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983.

3. Venue lies in the United States District Court for the Southern District of Indiana because all or a substantial portion of these events or omissions giving rise to this Complaint occurred in or around Scottsburg, Scott County, Indiana. *See* 28 U.S.C. § 1391.

4. A timely Notice of Tort Claim was served on Defendants on or about August 23, 2018.

## PARTIES

5. Plaintiff was confined as a pretrial detainee in the Scott County jail in the city of Scottsburg, located at 111 South First Street Scottsburg, Indiana 47170 from January of 2017 until August of 2018.

6. Defendant, Sheriff Jerry Goodin, is the Scott County sheriff.

7. The Scott County jail has a contract with ACH to take care of medical in the facility.

8. ACH is a for-profit foreign entity with its principle place of business in Peoria, Illinois.

## FACTS

9. Beginning in February of 2018, Brandon Bell experienced extreme pain in his leg, such that he could hardly walk.

10. Brandon Bell requested to see the nurse at the jail.

11. Brandon Bell requested a wheelchair to help him to the nurse's office, but the jail staff did not give him a wheelchair.

12. Brandon Bell had to crawl to the nurse's office.

13. The nurse looked at Brandon Bell's leg and gave him ibuprofen.

14. Brandon Bell informed the nurse that blood clots ran in his family, yet nothing was done to help him.

15. Brandon Bell continued to have extreme pain and swelling in his right leg for nearly two months, and a doctor came to see him two months later and recommended that he go to the hospital.

16. A guard at the jail took him to the hospital in Scottsburg, and Brandon was diagnosed with a deep vein thrombosis of his right lower extremity.

17. Due to the severity of his condition, Brandon Bell was hospitalized from March 29th to April 2nd.

## ALLEGATIONS

18. The Plaintiff incorporates by reference all allegations of the foregoing paragraphs as though set forth herein.

19. This claim is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of state law of Plaintiff's rights secured by the Fourth Amendment to the United States Constitution.

20. "A local governing body may be liable for monetary damages under §1983 if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2009).

21. ACH implemented a policy or custom that failed to protect Mr. Bell's rights under the Fourth and/or Fourteenth Amendments to the United States Constitution.

22. Defendants demonstrated deliberate indifference to the medical needs of pretrial detainees in general, and to plaintiff in particular.

23. Medical attention and care at the jail was wholly inadequate. The deficiencies were systematic.

24. Plaintiff could not obtain medical examinations or care upon request.

25. The screening process for determining when medical care was warranted was inadequate.

26. Sick call occurred only once a week. In the interim, plaintiff would have to appeal to guards or other staff for medical attention.

27. Plaintiff suffered extreme pain in his leg due to deep vein thrombosis during his confinement at the Scott County jail for nearly two months and could not obtain appropriate medical attention.

28. Plaintiff did not receive medical assistance until nearly two months after the nurse gave him ibuprofen.

29. The totality of the circumstances of the above conditions and restrictions on plaintiff's pretrial confinement constituted genuine deprivation and hardship over an extended period of time.

30. Said restrictions and conditions were not reasonably related to a legitimate goal and were arbitrary and purposeless.

31. The actions of each of the defendants constitutes punishment of the plaintiff, thereby denying plaintiff of due process of law in violation of the Fourteenth Amendment to the United States Constitution.

32. As a direct and proximate result of the acts and omissions of defendants herein which subjected or caused plaintiff to be subjected to unconstitutional punishment prior to

conviction, the plaintiff has suffered physical injury, mental anguish, and emotional distress.

33. ACH's failure resulted in ACH staff failing to adequately evaluate, assess, and/or treat Plaintiff and his serious medical condition.

34. As a result of that failure, Plaintiff was denied constitutionally mandated evaluation, assessment, and/or treatment for his serious medical conditions.

35. ACH maintained that custom or practice with the force of law that resulted in some or all of Plaintiff's injuries.

36. ACH had inadequate training concerning the constitutional rights of individuals to obtain competent medical treatment. That failure to train amounted to the deliberate indifference to Plaintiff.

37. Plaintiff experienced physical pain, bodily injury, mental and emotional distress, and/or other damages as a direct proximate cause of the Defendants' unlawful actions and/or omissions.

### REQUESTED RELIEF

38. Plaintiff respectfully requests:
    a. Damages including compensatory and punitive damages;
    b. Reasonable attorney's fees pursuant to 42 U.S.C. 1988;
    c. All appropriate interest on all amounts that are recovered;
    d. All appropriate injunctive relief;
    e. The costs and expenses incurred in the prosecution of this action; and
    f. All other just and proper relief.

### DEMAND FOR A JURY TRIAL

39. Plaintiff demands a jury trial pursuant to the Seventh Amendment of the United States and Article 1, Section 20 of the Indiana Constitution for all claims.

Respectfully Submitted,

*/s/ Alex M. Ooley*

Curtis P. Moutardier, #23692-22
Alex M. Ooley, #34719-22
BOEHL STOPHER & GRAVES, LLP
400 Pearl Street, Suite 204
New Albany, Indiana 47150